IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

MARION COUNTY COAL RESOURCES,
Employer Below, Petitioner

FILED
April 29, 2025
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

v.) No. 24-ICA-412        (JCN: 2024013238)

ANDREW MAYLE,
Claimant Below, Respondent

MEMORANDUM DECISION

Petitioner Marion County Coal Resources ("MCCR") appeals the September 17, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Andrew Mayle filed a response.[1] MCCR did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 25, 2024, Mr. Mayle presented to Mon Marion Neighborhood Hospital and reported that he stepped off an incline and twisted his right ankle while at work that morning. Gloria Kafan, D.O., who treated Mr. Mayle at the hospital, stated that Mr. Mayle further reported that he had right ankle surgery in November 2023. Mr. Mayle complained of pain in the bottom of his right heel and ankle. Swelling localized to the right ankle was noted. Mr. Mayle underwent x-rays of the right ankle that were negative for fracture or other osseous abnormality. The assessment was right ankle sprain.

Mr. Mayle completed an Employees' and Physicians' Report of Occupational Injury or Disease form, dated January 25, 2024, indicating that he injured his right ankle when he rolled it. Dr. Kafan signed the form on January 25, 2024, and diagnosed a right ankle sprain that was a direct result of an occupational injury. It was noted that Mr. Mayle had previous ankle surgery.[2]

---

[1] MCCR is represented by Aimee M. Stern, Esq. Mr. Mayle is not represented.

[2] Prior to the compensable injury, on November 22, 2023, Mr. Mayle underwent a right ankle arthroscopy and peroneal tendon repair, performed by Joseph Greschner, M.D., for the diagnosis of right ankle instability, arthritis, and perennial tendon tear. On January

1

On January 25, 2024, Mr. Mayle was examined by Dr. Greschner. Mr. Mayle reported that he recently went back to work and suffered another fall and was concerned because he started having pain on the outside of his ankle near his repair. Dr. Greschner opined that Mr. Mayle should be in a right boot for 6-8 weeks and that he should avoid activities that increase pain in his right lower extremity. Dr. Greschner stated that, since Mr. Mayle was having increased pain, they would get an MRI to evaluate the extent of the damage to his repair. The claim administrator issued an order dated March 19, 2024, rejecting the claim on the basis that the current right ankle complaints appeared to be due to Mr. Mayle's preexisting, non-work-related right ankle injury for which he underwent surgery and was released to return to work only two days prior to the alleged date of injury. Mr. Mayle protested this order.

Prasadarao Mukkamala, M.D., issued a Records Review report dated June 25, 2024. Dr. Mukkamala noted that Mr. Mayle had a history of right ankle injury in September 2023, which required surgery, and the 2023 injury was superimposed upon pre-existing ankle arthritis at the right ankle and acute chronic sprain of right ankle. Dr. Mukkamala opined that Mr. Mayle did not suffer a discrete new injury to his right ankle at work on January 25, 2024, but rather, had an exacerbation of the previous injury. Dr. Mukkamala noted that Mr. Mayle was evaluated by Dr. Greschner on January 25, 2024, when Mr. Mayle complained of pain at the suture site and Mr. Mayle was advised to return to wearing his boot. Dr. Mukkamala stated that there was no evidence of any new injury on January 25, 2024.

On September 17, 2024, the Board reversed the claim administrator's order rejecting the claim. The Board found that Mr. Mayle established that he sustained a discrete new injury to his right ankle in the course of and resulting from his employment on January 25, 2024. MCCR now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

---

4, 2024, Dr. Greschner noted that Mr. Mayle had improved and the lateral ankle stabilization repair felt solid. On January 16, 2024, Mr. Mayle was released to return to work on January 18, 2024.

petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

MCCR argues that the Board erred in concluding that Mr. Mayle suffered a discrete new injury to his right ankle because his pre-existing right ankle injury remained symptomatic immediately prior to the alleged date of injury in this claim. MCCR further argues that Dr. Greschner did not diagnose a new injury when he saw Mr. Mayle on the date of the alleged injury in this claim. Finally, MCCR argues that the Board erred in finding that Mr. Mayle's symptoms were "clearly worse" on January 25, 2024, when Dr. Greschner stated that Mr. Mayle was "overall much improved" on that date. We disagree.

The Supreme Court of Appeals of West Virginia held, in *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016):

A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Id.* at 738, 783 S.E.2d at 858, syl. pt. 3

Here, the Board analyzed the claim under *Gill* and determined that Mr. Mayle has established that he sustained a discrete new injury in the course of and resulting from his employment on January 25, 2024. The Board noted that Mr. Mayle had swelling localized to the right ankle when examined at the hospital. The Board further noted that Dr. Greschner requested an MRI and advised the claimant to go back to wearing the cam boot based on Mr. Mayle indicating that he had debilitating pain. The Board found that Mr. Mayle's right ankle pain following the January 25, 2024, injury was reported immediately after the injury occurred and his symptoms were clearly worse than reported a few weeks

3

prior to the date of injury when he was released to return to work. Finally, the Board noted that Mr. Mayle was diagnosed with a right ankle sprain on January 25, 2024, which was related to work as an occupational injury by medical personnel.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Mayle established that he sustained a discrete new injury to his right ankle in the course of and resulting from his employment on January 25, 2024. We note that Mr. Mayle's statements regarding his January 25, 2024, injury and his increase in pain following the injury are unrefuted. We conclude that Mr. Mayle describes an isolated, fortuitous event that occurred on January 25, 2024, during the course of and resulting from his work. The Board correctly applied syllabus point 3 of *Gill* and concluded that Mr. Mayle established that he sustained a discrete new injury in the course of and resulting from his employment. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order rejecting the claim.

Accordingly, we affirm the Board's September 17, 2024, order.

Affirmed.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White